# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:       June 29, 2018
Date Submitted:    April 5, 2018

Robert J. Valihura, Jr., Esquire
The Law Office of Robert J. Valihura, Jr.
3704 Kennett Pike Suite 200
Greenville, SC 19807

R. Karl Hill, Esquire
Seitz VanOgtrop & Green, P.A.
222 Delaware Avenue Suite 1500
PO Bo 68
Wilmington, DE 19899

RE:   *Brandywood Civic Association v. Gary Freas*
      Civil Action No. 2017-0727-PWG

Dear Counsel:

Pending before me is an action filed by a homeowners' association alleging a homeowner violated the community's deed restrictions by erecting a fence without submitting written plans to the homeowners' association. The homeowner asserts that plans for the fence were communicated orally to, and reviewed by, the association and he has not failed to submit plans in violation of the deed restriction requiring association prior approval. Further, the homeowner claims that the deed restrictions are unenforceable because they are vague, imprecise and unclear, and

the association's actions applying the deed restrictions to his Property are unreasonable. The association seeks injunctive relief requiring removal of the fence, and both parties seek attorney's fees. The association filed a motion for judgment on the pleadings. For the reasons set forth below, I recommend that the Court deny the association's motion for judgment on the pleadings. This is a final report.

## I.    Background

Plaintiff, Brandywood Civic Association ("BCA"), which serves as the association for homeowners in Brandywood, a community of single family homes, filed a Verified Complaint on October 11, 2017 to enforce Brandywood's Declaration of Restrictions (the "Deed Restrictions") under 10 *Del. C.* § 348 against Defendant, Gary Freas ("Freas"), who is an owner and resident of Brandywood at 2133 Brandywood Drive, Wilmington, DE 19810 ( the "Property").[1]  BCA asserts that in early April of 2016 it became aware that the Owner began making "some exterior modifications" on the Property.[2]  A BCA representative met with Freas, notifying him that the Deed Restrictions required that he submit plans for its approval prior to making modifications. During that

---

[1] The Property is subject to Brandywood's Declaration of Restrictions, which were dated December 11, 1980. Docket Item ("D.I.") 1, Ex. B.

[2] D.I. 1, Ex. C.

2

meeting, Freas denied knowing about the Deed Restrictions. He also "described [his] plans" to the BCA representative related to the placement of a shed on the northside of the Property, and erection of two fences – a six foot high fence between the Property and a neighboring property at 2133 Brandywood Drive ("disputed fence") and a separate six foot high privacy fence to enclose his backyard ("privacy fence").[3] Although no written plans were submitted to BCA, the directors of the association "undertook the review process . . . based upon information verbally conveyed" by Freas to BCA.[4] Later, the BCA representative met with Freas again to relay BCA's decisions regarding his modifications and followed up with a letter to him on May 13, 2016 ("BCA Letter").[5] BCA approved Freas's shed and the privacy fence, but "pursuant to Article 3 of the deed restrictions," denied the request to build the disputed fence.[6] It is undisputed that, after receiving notice about BCA's denial, Freas has not removed the disputed fence.

BCA claims that Freas installed multiple fences and a shed without submitting written plans to BCA in advance, in violation of the Deed Restrictions

---

[3] *Id.*

[4] The BCA representative "conveyed [Freas's] plans, in detail, to the Directors of [BCA]." D.I. 1, ¶ 7.

[5] D.I. 1, Ex. C.

[6] *Id.*

and has not removed the disputed fence, despite "multiple efforts' to seek his "conformity to the deed restrictions."[7] As a result, Plaintiff seeks injunctive relief in the form of removal of the fence and an award for fees, costs, and expenses under 10 *Del. C.* § 348 (e).

On November 17, 2017, Freas filed his Answer to the Complaint in which he denies failing to submit plans to BCA, argues that the claims in the Complaint are barred because the Deed Restrictions lack clear, defined, or fixed standards of application, and because of BCA's prior conduct related to enforcement of the Deed Restrictions, and its conduct related to the disputed fence.[8] Freas also seeks attorney's fees under 10 *Del. C.* § 348 (e).

Mandatory mediation according to 10 *Del. C.* § 348 was held on December 17, 2017 but was unsuccessful. On January 17, 2018, BCA filed a motion for judgment on the pleadings, which is fully briefed.[9]

## II. Analysis

In determining a motion for judgment on the pleadings under Court of Chancery Rule 12(c), "a trial court is required to view the facts pleaded and

---

[7] D.I. 1, ¶ 11.

[8] D.I. 7.

4

inferences to be drawn from such facts in a light most favorable to the non-moving party."[10]  I must take all well-pleaded facts alleged in the complaint as admitted and can only grant a motion for judgment on the pleadings when no material issue of fact exists and the movant is entitled to judgment as a matter of law.[11]  Courts have held that unambiguous contracts are appropriately resolved on a motion for judgment on the pleadings because there is no need to resolve material disputes of fact.[12]

In its motion for judgment on the pleadings, BCA claims that the Deed Restriction requiring homeowners to submit written plans for approval by BCA prior to erecting structures or fences is clear and unambiguous, Freas has not submitted written plans for BCA approval, and, consequently, Freas violated that Deed Restriction and the injunctive relief requested by BCA – removal of the

---

[9] BCA filed a motion to stay discovery on February 16, 2018 to prevent undue burden until resolution of a potentially dispositive motion.  That motion, unopposed by Freas, was granted by the Court on March 18, 2018 pending resolution of the motion for judgment on the pleadings.

[10] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).

[11] *Id*.; *see also Chicago Bridge & Iron Co. N.V. v. Westinghouse Elec. Co. LLC*, 166 A.3d 912, 925 (Del. 2017), *as revised* (June 28, 2017).

[12] *Chicago Bridge & Iron Co. N.V.*, 166 A.3d at 925; *Raymond L. Hammond Irrevocable Tr. Agreement*, 2016 WL 359088, at *3 (Del. Ch. Jan. 28, 2016) ("A motion for judgment on the pleadings is the appropriate procedural setting to resolve an action to enforce an unambiguous contract."); *Strougo v. Hollander*, 111 A.3d 590, 594-95 (Del. Ch. 2015).

disputed fence – should be granted.[13] Freas responds that the Deed Restrictions are ambiguous, and the approval standards articulated in the Deed Restrictions are vague and unenforceable and were improperly applied in Freas's situation.[14] He argues that the relevant Deed Restriction language requires the BCA decision be in writing, not the plans; BCA had sufficient information from Freas to vote on the plans so the issue concerning the timing and form of the plan submission is waived or estopped; and the decision to disapprove the disputed fence was arbitrary and no reasons for disapproving the request were identified. As a consequence, Freas seeks denial of the motion, claiming there are material issues of fact regarding the enforcement of the restrictions which require factual development.

Deed restrictions requiring approval of an association or its architectural review committee before a homeowner can erect a structure on his property, are enforceable if they articulate "a clear, precise and fixed standard that the reviewing body must apply."[15] However, such restrictions "are viewed with suspicion due to

---

[13] In addition, BCA argues that the violation of the Deed Restriction, in itself, is "adequate grounds for determining irreparable harm" sufficient to grant injunctive relief, and Freas will suffer no harm because he was not entitled to erect the fence. D.I. 13. In response, Freas asserts that BCA has not established any harm, since it permitted the erection of other "portions" of the fence and there is no evidence that Freas won't remove the disputed fence if ordered to do so. D.I. 18.

[14] D.I. 18.

[15] *Benner v. Council of Narrows Ass'n of Owners*, 2014 WL 7269740, at *1 (Del. Ch. Dec. 22, 2014), *adopted,* (Del. Ch. Mar. 16, 2015).

the tendency of such review to be arbitrary, capricious and therefore unreasonable," and are strictly construed.[16] If the restrictions are "vague, imprecise, or unclear, [they] are normally not enforceable."[17] And, in reviewing requests under restrictions, approval by an association or its architectural review committee cannot be "withheld unreasonably" and the burden falls on the association to show its actions are reasonable.[18]

If the Deed Restriction at issue is unambiguous, and there are no material issues of fact in dispute, then this matter is appropriately resolved through a motion for judgment on the pleadings. Section 3 of the Deed Restrictions provides:

> "No building, fence, wall or other structure shall be commenced, erected or maintained . . . until the plans and specifications showing the nature, kind, shape, height, material floor plans, color scheme, location and approximate cost of such structure . . . shall have been submitted to and approved in writing by [BCA]."[19]

---

[16] *Benner*, 2014 WL 7269740, at *7; *see also Tusi v. Mruz*, 2002 WL 31499312, at *3 (Del. Ch. Oct. 31, 2002) ("because [architectural review restrictions] restrict the 'free use of property,' restrictive covenants must be strictly construed").

[17] *Benner*, 2014 WL 7269740, at *7; *Seabreak Homeowners Ass'n, Inc. v. Gresser*, 517 A.2d 263, 269 (Del. Ch. 1986), *aff'd,* 538 A.2d 1113 (Del. 1988) ("where the language used in the restrictive covenant empowering the committee is overly vague, imprecise, or so unclear as not to lend itself to evenhanded application, then the grant of authority is normally not enforceable").

[18] *Dolan v. Villages of Clearwater Homeowner's Ass'n, Inc.*, 2005 WL 2810724, at *4 (Del. Ch. Oct. 21, 2005).

[19] D.I. 1, Ex. B, § 3.

The Deed Restriction clearly requires that plans be submitted to BCA prior to erecting structures or fences. It is not clear from the language in the Deed Restrictions, however, whether the "in writing" requirement only applies to how BCA disseminates approvals or if it also pertains to the submission of plans by homeowners to BCA. If language is ambiguous, a decision by motion for judgment on the pleadings is not appropriate.

It is undisputed that Freas failed to submit written plans to BCA for review. However, BCA "undertook the review process of Owner's intent based upon information verbally conveyed by Owner to the [BCA]."[20] By making decisions on Freas's modifications based upon orally submitted plans, BCA acted to enforce the Deed Restrictions and apply the approval standards included in the Deed Restrictions. BCA's action opened up the issues of whether the Deed Restrictions' approval standards are enforceable and whether BCA's disapproval of the disputed fence was reasonable. If the Deed Restrictions are "vague, imprecise, or unclear, [they] are normally not enforceable."[21] In reviewing requests based upon the Deed Restrictions, BCA must show that it applied the standards reasonably and not arbitrarily.[22]

---

[20] D.I. 1, ¶ 7.

[21] *Benner*, 2014 WL 7269740, at *7.

[22] *See Dolan*, 2005 WL 2810724, at *4.

First, the approval standards in the Deed Restrictions provide that the BCA has the

> right to refuse to approve any such plans . . . which are not suitable or desirable, in its opinion, for aesthetic or other reasons; and in so passing upon such plans . . ., it shall have the right to take into consideration the suitability of the proposed . . . structure and of the materials of which it is to be built, to the site upon which it is proposed to erect the same, the harmony thereof with the surroundings and the effect of the . . . structure as planned, on the outlook from the adjacent or neighboring property.[23]

Courts have held that standards considering the "suitability of the structure and materials to be used and the extent to which the structure will harmonize with the surroundings," if objectively applied, may be valid.[24] However, standards that allow for rejection "solely on the basis of aesthetic reasons" may be found to be invalid.[25] The Deed Restrictions' language includes aesthetic reasons as one criteria for disapproving a homeowners' request and the BCA Letter does not contain any reasons based upon specific criteria under section 3 of the Deed Restrictions supporting the conclusions reached by BCA. Consequently, there are

---

[23] D.I. 1, Ex. B, § 3.

[24] *Lawhon v. Winding Ridge Homeowners Ass'n, Inc.*, 2008 WL 5459246, at *5 (Del. Ch. Dec. 31, 2008) ("restrictions based on abstract aesthetic desirability are impermissible" but "decisions may be influenced by aesthetic considerations while still subject to objective standards"); *Dolan*, 2005 WL 1252351, at *6 (actions by an architectural review board "based on purely objective criteria are permissible, actions based on purely subjective criteria (aesthetics) are not"); *Welshire Civic Ass'n, Inc. v. Stiles*, 1993 WL 488244, at *3 (Del. Ch. Nov. 19, 1993).

[25] *Welshire Civic Ass'n, Inc.*, 1993 WL 488244, at *3.

material issues of fact that need to be addressed regarding the Deed Restrictions' enforceability and whether BCA's actions were based upon objective criteria.

Further, it must also be found that BCA's disapproval was reasonably withheld. Since neither the Complaint nor the BCA Letter alleges any specific reasons for BCA's disapproval (only stating that the denial occurred "pursuant to section 3 of the Deed Restrictions"), there remains a material issue of fact concerning the reasonableness of BCA's application of the standards.

## III. Conclusion

For the reasons set forth above, I recommend the Court deny BCA's motion for judgment on the pleadings. This is a final report and exceptions may be taken pursuant to Court of Chancery Rule 144.

Sincerely,

/s/ *Patricia W. Griffin*
Master in Chancery